IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ELOISE HOWE, et al. | ) |
| | ) |
| v. | ) NO. 3-15-0591 |
| | ) JUDGE CAMPBELL |
| WAL-MART STORES, INC. | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 20). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

This action arises from a fall by Eloise Howe, now deceased, in the Wal-Mart store in Spring Hill, Tennessee. Plaintiff's Complaint alleges that Mrs. Howe was walking down the aisle in the freezer section of the store when she began to slide, causing her legs to split, and she fell. Plaintiff's Complaint asserts that she fell because of a liquid on the floor. Plaintiff's Complaint contends that, as a result of the fall, Mrs. Howe sustained serious injuries. The Complaint alleges a cause of action against Defendant for negligence.

The parties agree that, after this accident but before this lawsuit was filed, the Chancery Court of Williamson County, Tennessee made Mrs. Howe a ward of the Court and named her daughter Penny Bowhall the conservator over Mrs. Howe's person and property. Mrs. Howe has since passed away. She was never deposed in this matter.

Defendant asserts that Plaintiff is unable to establish that there was any dangerous condition on the floor where Mrs. Howe fell. Defendant claims that Plaintiff cannot show that it was

foreseeable to Defendant that someone might fall where Mrs. Howe fell. Moreover, Defendant contends that Plaintiff has no evidence that anyone from Wal-Mart created the alleged hazard or that Wal-Mart had either actual or constructive notice of any dangerous condition on the floor before Mrs. Howe fell. Defendant maintains that no reasonable jury could find that the floors are what caused Mrs. Howe to fall and also argues that Mrs. Howe's fault is equal to or greater than any fault of Wal-Mart in this incident.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive

2

summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

ANALYSIS

To establish a claim for negligence, Plaintiff must show the following elements: (1) a duty of care owed by the Defendant to the Plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause. *Kellner v. Budget Car and Truck Rental*, 359 F.3d 399, 403 (6th Cir. 2004).

An owner of a place of business has a duty to exercise reasonable care with regard to business invitees on the premises.[1] *Piana v. Old Town of Jackson*, 316 S.W.3d 622, 629 (Tenn. Ct. App. 2009). The owner's duty includes maintaining the premises in a reasonably safe condition either by removing or repairing potentially dangerous conditions or by helping customers to avoid injury by warning them of the existence of dangerous conditions that cannot, as a practical matter, be removed or repaired. *Id*. at 629-30. The duty imposed on a premises owner, however, does not include the responsibility to remove or warn against conditions from which no unreasonable risk was to be anticipated or from those which the owner neither knew about nor could have discovered with reasonable care. *Parker v. Holiday Hospitality Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014). Thus, persons seeking to prevail against a property owner on a premises liability claim must prove the elements of a negligence claim and in addition, must prove either that the condition was caused

---

[1] Whether Defendant owed Plaintiff a duty of care is a question of law to be determined by the Court. *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). Defendant owed Plaintiff a duty of reasonable care.

or created by the owner or if not, that the owner had actual or constructive notice of the dangerous condition prior to the accident. *Id.*

Defendant alleges first that Plaintiff has no evidence that there was any dangerous condition on the floor at the time Mrs. Howe fell. Mr. Howe, who came to the site after his wife had fallen, testified that he did not see anything on the floor. He did not see a puddle or anything like that. Mr. Howe testified that he "knew" the floors were slippery because it was a brand new store and it looked like they just waxed it or mopped it.[2] He testified that he believed the floor was more slippery in the frozen foods section than in any other part of the store, but he stated he had no idea why.

Mr. Howe did not see anyone mopping or waxing the floor while he was at Wal-Mart on the day of Mrs. Howe's fall, and he was not aware of any other customer having problems walking in the frozen food aisle that day. He did not see anything that looked like a hazard. He testified that he did not know if the slipperiness was from construction of the new store or waxing the floor every night or if there was something on the ground. He stated that he did not have any problems walking in the aisle, but he noted that his foot slid "like nice and easy."

Mrs. Howe's daughter, Penny Bowhall, who was not present when her mother fell, testified that she "assumed" it was a slippery floor that caused her mother to fall. She stated that the floors in the Wal-Mart are "super shiny," more shiny than any other concrete floor she has ever seen. "I think she must have just hit a slippery spot right there. If it was wet, greasy, or waxy, I don't know, but like I said, I didn't see any of those things firsthand." Ms. Bowhall also testified that she was not

---

[2] Mr. Howe stated that Wal-Mart cleans its floors every night, but then admitted he did not know that for a fact; rather "every time I've been to Wal-Mart late a night they were cleaning floors."

aware of anyone else who had fallen in that store because the floor was slick and she did not know when Wal-Mart had last polished or waxed its floor.

Plaintiff's other daughter, Amanda George, was with Mrs. Howe when she fell. Ms. George is now estranged from her family and cannot be located, so she also has not been deposed. Ms. George wrote on the Customer Statement at Wal-Mart, right after the accident, that Mrs. Howe "was walking and got dizzy and fell." The incident report and witness statements, provided to the Court by Wal-Mart through the Affidavit of a co-manager of the store, state that Mrs. Howe fell because she got dizzy and collapsed on the floor and that Mrs. Howe blamed her "stupid shoes."

In response to Defendant's argument that there was not a dangerous condition on the floor, Plaintiff asserts that "numerous people" have stated that they knew the store's floor to be slippery since the store opened. Plaintiff cites only Mr. Howe's and Ms. Bowhall's depositions for this assertion, however, and neither of them said that "numerous people" said anything. This speculation is not enough to show that Wal-Mart had constructive or actual notice of a dangerous condition. Plaintiff's conclusory statement, unsupported by evidence in the record, that numerous customers were aware of the slippery floor since the store originally opened, is not evidence upon which a jury could reasonably find that a dangerous condition existed at the time of Mrs. Howe's fall.

Actual notice can be established if Plaintiff can show that Defendant's employees actually observed the condition but failed to correct it. *Beckwith v. Wal-Mart Stores East, L.P.*, 112 F.Supp. 3d 724, 730 (W.D. Tenn. 2015). To establish constructive knowledge, the proof must show that the dangerous condition existed for such a length of time that Defendant knew or in the exercise of

5

ordinary care should have known of its existence. *Id*. Plaintiff has not presented any evidence that any employee at Wal-Mart knew anything about a slippery floor.[3]

Plaintiff also cites to her Complaint as support for numerous of her allegations, arguing that the floor was dangerous and the dangerous floor caused Mrs. Howe's fall. The Complaint is not evidence and cannot be used to show a genuine issue of material fact. Fed. R. Civ. P. 56(c).

For all these reasons, Plaintiff has not presented competent evidence under Rule 56 which creates a genuine issue of material fact with regard to the elements of her negligence claim. Defendant's Motion for Summary Judgment (Docket No. 20) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

                                                                                TODD J. CAMPBELL
                                                                                UNITED STATES DISTRICT JUDGE

---

[3] Before the question can go to a jury of whether the dangerous condition existed long enough to give rise to a legal duty of Wal-Mart, Plaintiff must present some material competent evidence from which it can be logically inferred that Defendant, by the exercise of ordinary care, would have or should have discovered the dangerous condition. *Webster v. Wal-Mart Stores East, L.P.*, 2015 WL 3936274 at * 3 (E.D. Tenn. June 26, 2015). Plaintiff has not presented such evidence in this case.